FILED ✓    LODGED ___
RECEIVED ___    COPY ___

APR 2 0 2022

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

BARBARA STUART ROBINSON
232 S 12TH AVE
PHOENIX, AZ  87005
stuart98499@gmail.com
323-356-9743


## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BARBARA STUART ROBINSON<br>PLAINTIFF,<br><br>VS<br><br>CITY OF PHOENIX<br>DEFENDANT. | ) CASE NO: **CV22-00651-PHX-DJH**<br>)<br>) COMPLAINT for DAMAGES *<br>) and Deprivation of Rights<br>)     42 USC 1983<br>) **JURY TRIAL REQUESTED**<br>) with Supporting Documentation |

*23 pages*

JURISDICTION: 28 USC 1331

VENUE:  The Plaintiff lives in the City of Phoenix Clark County and the City of Phoenix is Doing business in the Clark County , State of Arizona.


**GROUNDS** : 42 USC 1983 - Civil Action for Deprivation of Right and Liabilities that  No law shall be enacted in this state limiting the amount of damages to be recovered for causing the death or injury of any person.

And the plaintiff Seek Redress for the ( Damages and Personal Injuries) -  City of Phoenix Employee(s) Deprived Rights and Law after she filed Claims for Personal Injuries owed to the Plaintiff Barbara Stuart Robinson by the City of Phoenix with a duty of Reasonable Care and Premises Liability associated to them by State Law of the Doctrine of Reasonable Care and ARS 33-1551 premises liability, and is Negligent according to the law of the State of Arizona ARS 12-2505.

1

# Overview-

## NO 11TH IMMUNITY FOR CITY GOVERNMENTS

Sovereign immunity was derived from British common law doctrine based on the idea that the King could do no wrong. In the United States, sovereign immunity typically applies to the federal government and state government, but not to municipalities. Federal and state governments, however, have the ability to waive their sovereign immunity. The federal government did this when it passed the Federal Tort Claims Act, which waived federal immunity for numerous types of torts claims.

***Consent to Suit and Waiver.***—The immunity of a state from suit is a privilege which it may waive at its pleasure. A state may expressly consent to being sued in federal court by statute.  But the conclusion that there has been consent or a waiver is not lightly inferred; the Court strictly construes statutes alleged to consent to suit. Thus, a state may waive its immunity in its own courts without consenting to suit in federal court, and a general authorization "to sue and be sued" is ordinarily insufficient to constitute consent.  "The Court will give effect to a State's waiver of Eleventh Amendment immunity 'only where stated by the most express language or by such overwhelming implication from the text as [will] leave no room for any other reasonable construction.' A State does not waive its Eleventh Amendment immunity by consenting to suit only in its own courts, and '[t]hus, in order for a state statute or constitutional provision to constitute a waiver of Eleventh Amendment immunity, it must specify the State's intention to subject itself to suit in *federal court*.'"

 Case Law:  Gunter v. Atlantic Coast Line R.R., 200 U.S. 273, 284 (1906).

Because Eleventh Amendment sovereign immunity inheres in states and not their subdivision or establishments, a state agency that wishes to claim state sovereign immunity must establish that it is acting as an arm of the state: "agencies exercising state power have been permitted to invoke the [Eleventh] Amendment in order to protect the state treasury from liability that would have had essentially the same

2

practical consequences as a judgment against the State itself."  In evaluating such a claim, the Court will examine state law to determine the nature of the entity, and whether to treat it as an arm of the state.  The Court has consistently refused to extend Eleventh Amendment sovereign immunity to counties, cities, or towns,  even though such political subdivisions exercise a "slice of state power."  Even when such entities enjoy immunity from suit under state law, they do not have Eleventh Amendment immunity in federal court and the states may not confer it.  Similarly, entities created pursuant to interstate compacts (and subject to congressional approval) are not immune from suit, absent a showing that the entity was structured so as to take advantage of the state's constitutional protections.

*See:*  Mt. Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977) (local school district not an arm of the state based on (1) its designation in state law as a political subdivision, (2) the degree of supervision by the state board of education, (3) the level of funding received from the state, and (4) the districts' empowerment to generate their own revenue through the issuance of bonds or levying taxes.

## BACKGROUND

The plaintiff, is the Invitees - persons who are on the property owned by the City of Phoenix for business purposes, such as customers of the City of Phoenix Public Library filed a lawsuit against the City of Phoenix for Damages after sustaining an injury on the property of the Public Library. The City of Phoenix either failed to mitigate the plaintiffs claims for damages or refused to resolve this matter out of Civil Court.

The Damages were caused due to the City of Phoenix were negligent and failed to warn the plaintiff of lawn maintenance dangers resulting from inadequate maintenance procedures and practices, willfully ignoring and knowingly providing abridged rights duty owed on the owner's premises, and the intentional hazardous conditions caused by the elements that could and would result to harm and or injury was recklessly ignored of its subsequent dangers and breached its duty owed to the plaintiff of reasonable care; to keep their premises safe and free from all unreasonably dangerous conditions, and to warn occupants of any unreasonably dangerous conditions of which they know or should know.   In Arizona, property owners and occupiers have a duty to protect visitors from injuries arising from known dangers on their property. When a person sustains an injury on a property, either the property owner or the occupant may be held liable for the injury. Generally, if the property is occupied by one who is not the owner, such a tenant

or lessee, the occupier may be held liable if they possess control over the area where the injury occurred. If the injury occurs in an area the occupier does not control, or if the property is owner-occupied, the property owner may be liable.

**FACTS:**

1. On December 7, 2021, the plaintiff ( was the invitee) sustained an eye injury on the premersis of the City of Phoenix Public Library property owned by the City of Phoenix located at 1221 N. Central Ave  Phoenix, Arizona  85004 on the sidewalk to the entrance of the Library the City filed a claim and issued a claim number for the incident with the Risk Management Division of the City of Phoenix in regards to this **City of Phoenix incident number 2021000060306.**

2. The City of Phoenix employee(s) deprived Rights after determining their Response to the plaintiffs claims for Damages and; failed to mitigate Damages for Personal Injury on their property and or failed settle damages resulting from their property as a right owed to the Plaintiff the Plaintiff has a right to seek Redress and therefore,  the State Law **ARS 33-1551** Arizona State Law Duty was Owed by Owner to the plaintiff as a  right and to seek Relief therefore;  after the plaintiff Barbara Stuart Robinson was injured and claimed injury and damages to the City of Phoenix sustained by the contractor doing business delegated by the City of Phoenix agreements for lawn services for the purpose of beautifying their personal use property to enter into the City Building Public Library were the customer Barbara Stuart Robinson was injured by a equipment operator using a blower caused rocks, sticks and tree limbs to blow in the customer Barbara Stuart Robinsons eyes while on the walk way of the property that required medical attention and medication to be required and treated that resulted in pain, suffering, short term loss of vision in spots of the customers eyes, redness, swelling that lasted approx. 3 months and loss of work that required the plaintiff to Drive a motor vehicle If the plaintiff was not injured.

3. City of Phoenix employee(s) were negligent to fail to warn the plaintiff of the hazardous conditions that may be caused by the elements which caused harm and injury to the plaintiffs eyes which required medical treatment and medication resulting to pain and suffering, partial loss of vision and loss wages and the plaintiff filed a Civil lawsuit for Deprivation of Rights and Complaint for Damages

for seeking relief for the Redress owed under State Law, Damages for Personal Injury.

4. The City of Phoenix breached a duty owed to the plaintiff as the invitee at the time on the property that is owned by the City of Phoenix that breached a duty owed of Reasonable Care.

5. City of Phoenix carelessness,  deprived Premises Liability and Reasonable Care and is negligent to have failed to warn the plaintiff of the hazardous conditions caused by the elements which caused harm and injury to the plaintiffs eyes which required medical treatment and medication resulting to pain and suffering, partial loss of vision and loss wages and the plaintiff filed a Civil lawsuit for Deprivation of Rights and Complaint for Damages for seeking relief for the Redress owed under State Law, Damages for Personal Injury.

6. Because the City of Phoenix negligently  breached its duty of Reasonable Care and not have warned the Plaintiff of the dangers of its lawn maintenance and its hazardous conditions by the elements of the lawn services blowing of rocks, sticks and debris in the area ;  there Negligence caused injury to the plaintiff's eyes resulting to Foreseeable Harm.

7. Because the City of Phoenix Wrongdoings by one or more employee(s) or obligor(s) of the Owner of the Property Negligently  breached its duty owed to have reasonable care and did not warn the Plaintiff of the dangers of its lawn maintenance, hazardous conditions by the elements of the lawn services blowing of rocks, sticks and debris in the area ;  the Negligence caused injury to the plaintiff's eyes that resulted to Injury Damages and the plaintiff is entitled to relief for Redress: after the City of Phoenix failed to mitigate Damages, failed to mitigate Relief, failed to mitigate Claims for Injury, failed to mitigate Complaint, failed to mitigate relief for Pain and Suffering, Failed to Mitigate relief for Partial loss of vision, Failed to Mitigate the Deprivation of any Rights, Failed to Mitigate Levels of Care for Visitors and the Liabilities of Owners and the plaintiff has a right to file a Civil Action in this Court under 42 USC 1983; for Deprivation of those Rights that resulted to Damage, Injuries and Harm ARS 33-1551.   Bell v. Smitty's Super Valu, Inc., 183 Ariz. 66, 68, 900 P.2d 15, 17 (App. 1995).

## CLAIM FOR RELIEF

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

1. This Court has jurisdiction based on the 42 USC 1983 Civil Action to Seek Redress Deprivation of Rights the plaintiff facts shows a right to seek redress for Damages for Personal Injuries. ARS 12-2505

(2) a short and plain statement of the claim showing that the pleader is entitled to relief;

1. Because the City of Phoenix Wrongdoings by one or more employee(s) or obligor(s) of the Owner of the Property Negligently  breached its duty owed to have reasonable care and did not warn the Plaintiff of the dangers of its lawn maintenance, hazardous conditions by the elements of the lawn services blowing of rocks, sticks and debris in the area ;  the Negligence caused injury to the plaintiff's eyes that resulted to Injury Damages and the plaintiff is entitled to relief for Redress: after the City of Phoenix failed to mitigate Damages, failed to mitigate Relief, failed to mitigate Claims for Injury, failed to mitigate Complaint, failed to mitigate relief for Pain and Suffering, Failed to Mitigate relief for Partial loss of vision, Failed to Mitigate the Deprivation of any Rights, Failed to Mitigate Levels of Care for Visitors and the Liabilities of Owners and the plaintiff has a right to file a Civil Action in this Court under 42 USC 1983; for Deprivation of those Rights that resulted to Damage, Injuries and Harm ARS 33-1551.   Bell v. Smitty's Super Valu, Inc., 183 Ariz. 66, 68, 900 P.2d 15, 17 (App. 1995).

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

## DEMAND FOR RELIEF SOUGHT

1. The plaintiff demands a Punitive Damage Award; Elements of Punitive Damages: Bradshaw v. State Farm Mut. Auto. Ins., 157 Ariz. 411,422, 758 P.2d 1313, 1324 (1988); Volz v. Coleman Co., Inc., 155 Ariz. 567, 570, 748 P.2d 1191, 1194 (1987); Gurule v. Ill. Mut. Life & Cas. Co., 152 Ariz. 600, 601-02, 734 P.2d 85, 86-87 (1987); Hawkins v. Allstate Ins. Co., 152 Ariz. 490, 497, 733 P.2d 1073, 1080 (1987); Linthicum v. Nationwide Life Ins. Co., 150 Ariz. 326, 330-31, 723 P.2d 675, 679-80 (1986); Rawlings v. Apodaca, 151 Ariz. 149, 161- 63, 726 P.2d 565, 577-79 (1986).  **UNSPECIFIED AMOUNT AT THIS TIME**

2. The Plaintiff demands a Compensatory Relief for The pain, discomfort, suffering, disability, disfigurement, and anxiety already experienced, and reasonably probable to be experienced in the future as a result of the injury. Reasonable expenses of necessary medical care, treatment, and services rendered, and reasonably probable to be incurred in the future. Loss of enjoyment of life, that is, the participation in life's activities to the quality and extent normally enjoyed before the injury. **UNSPECIFIED AMOUNT AT THIS TIME**

3. The Plaintiff demands an Exemplary Relief; Definition of Clear and Convincing Evidence of Malice: Thompson v. Better-Bilt Aluminum Prod. Co., 171 Ariz. 550, 557, 823 P.2d 203, 210 (1992); State v. King, 158 Ariz. 419, 422, 763 P.2d 239, 242 (1988); State v. Renforth, 155 Ariz. 385, 387, 746 P.2d 1315, 1317 (App. 1987).  **UNSPECIFIED AMOUNT AT THIS TIME**

## CAUSE OF ACTION

1. DEPRIVATION OF RIGHTS - City of Phoenix subjected, or causes to be subjected, a citizen of the United States or other person within the jurisdiction thereof to the deprivation of  rights, privileges, or immunities secured by the Constitution and laws, and shall be liable to the party injured in an action at law, for Deprivation of Rights , liabilities and damages.   42 USC 1983.

**STATEMENT OF CLAIM UPON WHICH RELIEF CAN BE GRANTED**

City of Phoenix used carelessness in Responding to Plaintiff's Claims to the owners Wrongdoings, claim for Damages, that occurred on the premises of the the City of Phoenix property ( at Public Library ), that resulted in Harm and Injury after the Plaintiff was trying to enter the public library and was met by the City of Phoenix lawn maintenance Service who used a blower and constantly and continuously blow rocks, stick, brush and broke branches and tree limbs in the plaintiffs face while she entered onto the sidewalk to the entrance of the building, the plaintiff filed claims to the owner of the property for Damages and Injury but the City of Phoenix intentionally deprived the law and the Rights owed to the injured person ( the plaintiff),of Premises Liability and Reasonable Care and is negligent to have failed to not have warned the plaintiff of the hazardous conditions of caused by the elements which caused the direct harm and injury to the plaintiffs eyes which required medical treatment and medication resulting to pain and suffering, partial loss of vision and loss wages and the plaintiff filed a Civil lawsuit for Deprivation of Rights and Complaint for Damages for seeking relief for the Wrongdoing, Redress is owed as State Law Premises Liability and Negligence was the cause of the Deprivation of Rights and Complaint for Damages for Personal Injury, Harm and Present and Future Medical Costs and Expense.

City of Phoenix had a Duty of Care and willfully and Intentionally breached its Duty of Reasonable Care of Premises Liability owed as State law duty, before the plaintiff was injured and after the City of Phoenix served the Plaintiff a Response to the Plaintiff's Claims for Damages the City of Phoenix was Reckless to Breached the Duty owed to plaintiff of Reasonable Care and was Reckless to Denied Duty of Premises Liability owed to the Plaintiff resulting in Deprivation of Rights that resulted to Damages, Injury, Loss and Harm.

Resulting to DEPRIVATION OF RIGHTS - City of Phoenix subjected, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, and owes to the Plaintiff a Duty OF REASONABLE CARE and a Duty Owed of PREMISES LIABILITY - ARS 33-1551, See: Doctrine of Reasonable Care and Comparative NEGLIGENCE - ARS 12-2505 ( Law).   42 USC 1983.

ANNOTATION AND CITATIONS:

33-1551. <u>Duty of owner, lessee or occupant of premises to recreational or educational users; liability; definitions</u>

A. A public or private owner, easement holder, lessee, tenant, manager or occupant of premises is not liable to a recreational or educational user except on a showing that the owner, easement holder, lessee, tenant, manager or occupant was guilty of wilful, malicious or grossly negligent conduct that was a direct cause of the injury to the recreational or educational user.

B. This section does not limit the liability that otherwise exists for maintaining an attractive nuisance, except with respect to dams, channels, canals and lateral ditches used for flood control, agricultural, industrial, metallurgical or municipal purposes.

C. For the purposes of this section:

1. "Educational user" means a person to whom permission has been granted or implied without the payment of an admission fee or any other consideration to enter premises to participate in an educational program, including the viewing of historical, natural, archaeological or scientific sites. A nominal fee that is charged by a public entity or a nonprofit corporation to offset the cost of providing the educational or recreational premises and associated services does not constitute an admission fee or any other consideration as prescribed by this section.

2. "Grossly negligent" means a knowing or reckless indifference to the health and safety of others.

3. "Park" includes outdoor school grounds that are open to recreational users, excluding swimming pools and other aquatic features.

4. "Premises" means agricultural, range, open space, park, flood control, mining, forest, water delivery, water drainage or railroad lands, and any other similar lands, wherever located, that are available to a recreational or educational user, including paved or unpaved multiuse trails and special purpose roads or trails not open to automotive use by the public and any building, improvement, fixture, water conveyance system, body of water, channel, canal or lateral, road, trail or structure on such lands.

"When defendant's motives are shown to be so improper, or its conduct so oppressive, outrageous or intolerable that such an "evil mind" may be inferred, punitive damages may be awarded." Id. at 162-63, 726 P.2d at 578-79.  the Supreme Court stated in Gurule, "Even if the defendant's conduct was not outrageous, a jury may infer evil mind if defendant deliberately continued his actions despite the inevitable or highly probable harm that would follow." Gurule v. Ill. Mut. Life & Cas. Co., 152 Ariz. 600, 602, 734 P.2d 85, 87 (1987) (emphasis added).

Causation: The plaintiff also must prove that the same conduct that provides the basis for punitive damages was a cause of, or contributed to, injury to the plaintiff. Saucedo v. Salvation Army, 200 Ariz. 179, 182, 24 P.3d 1274, 1277 (App. 2001) (act of leaving scene of hit and run could not establish "evil mind" for punitive damages because pedestrian died on impact and defendant's failure to remain did not contribute to harm).

Constitutional Issues: Due process limits on punitive damages are imposed by courts rather than juries. See Cooper Indus., Inc. v. Leatherman Tool Grp., Inc., 532 U.S. 424, 437 (2001). Thus, the constitutional issues associated with the imposition of punitive damages are not appropriate for consideration by juries or inclusion of jury instructions. To assist attorneys in understanding the three guideposts courts consider when evaluating after the trial whether an award of punitive damages violates the Due Process Clause, the Committee has provided the following citations: State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408 (2003), BMW of N. Am., Inc. v. Gore, 517 U.S. 559 (1996); TXO Prod. Corp. v. Alliance Res. Corp., 509 U.S. 443 (1993); Pac. Mut. Life. Ins. Co. v. Haslip, 499 U.S. 1 (1991); Philip Morris USA v. Williams, 549 U.S. 346, 352 (2007) (punitive damages cannot be awarded for causing injury to any nonparty) ; Arellano v. Primerica Life Ins. Co., Co., 235 Ariz. 371, 378-80, 332 P.3d 597, 604-06 (App. 2014) (reducing punitive damages award with a 13:1 ratio of punitive to compensatory damages to 4:1 ratio under Gore and Campbell); Nardelli v. Metro. Grp. Prop. & Cas. Ins. Co., 230 Ariz. 592, 609-12, 277 P.3d 789, 806-09 (App. 2012) (where jury returned 355:1 punitive damages award, further reducing trial court's 4:1 award to 1:1); Hudgins v. Sw. Airlines, Co., 221 Ariz. 472, 489-92, 212 P.3d 810, 827-30 (App. 2009) (reducing jury's 8:1 punitive damages award to 1:1); Sec. Title Agency, Inc. v. Pope, 219 Ariz. 480, 500-04, 200 P.3d 977, 997-1001 (App. 2008) (reducing jury's 6:1 punitive damages award to 1:1). Although an appellate court has discretion to consider a constitutional issue raised for the first time on appeal, due process concerns regarding the size of the punitive damages award should be raised with the trial court in order to preserve the issue for appeal. See Marquette Venture Partners II, L.P. v. Leonesio, 227 Ariz. 179, 185, ¶¶ 24-25, 254 P.3d 418, 424 (App. 2011).

Evil Mind: Beginning with the 1986 cases of Linthicum and Rawlings, the Arizona Supreme Court has redefined the conduct, state of mind, and level of proof required for assessment of punitive damages. In Linthicum, the court stated that a claim for punitive damages requires proof that the defendant's conduct was guided by an "evil mind". Although the case law since Linthicum has used the phrase "evil mind" as short hand to describe the state of mind to establish a claim for punitive damages, the Committee has concluded that the phrase "evil mind" should not be included in the jury instruction. The Committee reasoned that the phrase was a legal term of art that could be confusing to jurors because they might apply or be influenced by their own religious or social perspective. Accordingly, the instruction identifies the alternative ways of establishing "evil mind," but does not include the words "evil mind." RAJI (CIVIL) 5th Personal Injury Damages 4 provides alternative ways to show the "evil mind" element of a punitive damages claim. The specific language for these alternatives is directly from Bradshaw and Gurule. The Committee does not suggest that the alternatives set forth in the instruction are exclusive of all others, or that they have been stated here in the only correct way. The Arizona Supreme Court opinions contain many statements and expressions discussing and defining "evil mind." The trial court may find other "evil mind" statements or formulations more appropriate for a particular case than any of those provided in Personal Injury Damages 4; in that event, the instruction may serve as a template

The plaintiff lawsuit seeks Redress in Civil Lawsuit for Damages for Personal Injuries, Damages, Pain and Suffering, Partial Loss of Vision for 3months, and Medical Bills and Expense present and Future in Deprivation of Rights  **42 USC 1983**; plaintiff Rights to file a Civil  lawsuit Complaint for Damages against the City of Phoenix due to Wrongdoing that resulted in Harm.

Standard of Care First of all, common law distinctions among invitees, licensees, and trespassers apply in determining land owner's liability for injuries to persons coming upon premises of another under Arizona law. As such, the requisite standard of care depends on your status as the injured person. An owner or occupier of land or buildings who invites another to go on the land owes such person a duty to have the premises in a reasonably safe condition and give warning of latent or concealed dangers.
A land owner is generally under a duty to use reasonable care to make premises safe for use by social guests and others invited onto the property.

 Bell v. Smitty's Super Valu, Inc., 183 Ariz. 66, 68, 900 P.2d 15, 17 (App. 1995).

**DAMAGES**

1. PAIN AND SUFFERING
2. Loss Vision
3. Loss Wages
4. Legal Fees and Court Cost
5. Loss of Enjoyment
6. Deprivation
7. Pass, Future and Present Medical Treatment, Cost and Additional Treatments that May be Needed in the Future.
8. Medical Expenses and Cost

DATED THIS __20TH__ ( DAY OF __APRIL__ 2022.

BARBARA STUART ROBINSON

This claim form is available in alternative formats upon request.
TTY (602) 534-5500

If more space is needed, please attach additional pages.

If you have any questions, please call the Risk Management Division at: (602) 262-5054



**City of Phoenix**
Claim Form

This claim form is provided to assist in presenting a claim against the City of Phoenix that complies with the requirements of Arizona Revised Statutes §12-821.01 which defines the requirements for filing a claim against a public entity in the State of Arizona.

The Statute requires, in part, that a claim against a public entity:
- Be filed with the City Clerk Department within **180 days** after the cause of action accrues,
- Contain **sufficient facts** to permit the public entity to understand the basis upon which liability is claimed,
- **Contain a specific dollar amount** for which the claim can be settled **and the facts supporting the amount**.
- In order to file suit against a public entity, a proper notice of claim must first be filed. A lawsuit must be filed within **one year** after the cause of action accrues.

---

### *FEDERAL REGULATION – BODILY INJURY CLAIMS ONLY*

If you are presenting a bodily injury claim, you are required to provide the information requested in this section pursuant to Federal Law – Section 42, United States Code 1395y(b) (7) & (8). For additional information, go to www.cms.hhs.gov/MandatoryInsRep.

Injured party name: Barbara Stuart Robinson
*(Show name exactly as it appears on Social Security records)*

Injured party social security #: 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

Injured party gender: ☐ Male ☒ Female     Injured party date of birth: 8/3/71

Medicare, Medicaid (AHCCCS) or SCHIP Health Ins Claim #: A103501 73
*(HICN if applicable)*

Is the injured party eligible (or will he/she be eligible within the next 36 months) for Medicare, Medicaid (AHCCCS) or the State Children's Health Insurance Program (SCHIP)? ☐ Yes ☒ No

NO VISION POLICY

**Please continue to the claim form below. Additional information is required.**

---

**1. CLAIMANT INFORMATION** *(complete a separate claim form for each person making a claim)*

Claimant Name: Barbara Stuart Robinson

Name of claimant's representative *(if applicable)*: _____

Relationship to claimant: ☐ Parent (claimant is a minor)  ☐ Guardian  ☐ Insurance Company
☐ Attorney  ☐ Other _____

Address: 232 S. 12TH Ave     Apt #: _____

City / State: Phoenix, AZ 85007     ZIP: 85007

Date of birth: 8/3/71

Phone #s   Home: ( ) 323-356-9743     Work: ( )     Cell: (218-447-1078

Page 1 of 4

Rev 3/17/2021

(13)

ARS 12-2505 Comparative Negligence

Which is the best daytime phone # to reach you? 323-356-9743

Email address: Stucin984gg@ _____ Fax #: ( )
gmail.com

## 2. OCCURRENCE OR EVENTS GIVING RISE TO THE CLAIM

Date of occurrence: 12/7/2021   Time: 9:59   ☒ A.M.   ☐ P.M.

Location of occurrence: City of Phoenix Library

1221 N. CENTRAL AVE  PHOENIX, AZ   85004  PARKING AREA ENTRANCE

Describe the specific facts of the occurrence, event, act or omissions that you believe caused your injury or damage and for each theory of liability, explain why you believe the City of Phoenix is at fault.

A man was hired to blow dirt and debris
on to the sidewalk were pedestrian (me)
the customers of the Library walked and
blew dirt, rocks, tree brush and leaves
on my face and eyes as a screamed for
him to stop he kept going after he did stop
I asked him why didn't he stop, he said
he had to finish his
job.

List all witnesses, including name(s), address and phone number.

_____

_____

_____

_____

Did this occur in a construction area?       ☐ Yes     ☒ No

If yes, what is the construction company's name? _____

If this is a motor vehicle accident, please provide the following information:

Your vehicle license plate number: _____

Your vehicle:   Year: _____   Make: _____   Model: _____

Name of the City driver: _____

City Vehicle Description: _____   City Department: _____

City Vehicle License Plate #: _____   Bus/Equipment #: _____

Bus Route Name/Number: _____   Direction of Travel _____

Was a police report filed?   ☐ Yes   ☐ No   If yes, what agency responded? _____

Police report number: _____

*Rev 3/17/2021*

(14)

### 3. AMOUNT OF CLAIM

Dollar amount requested to settle your entire **property damage** claim: $ _____

Dollar amount requested to settle your entire **personal injury** claim: $ 7,500.00

Dollar amount requested to settle your entire **other damages** claim: $ _____

**Total dollar amount requested to settle your entire claim:** $ 7,500.00

### 4. EXPLANATION OF DAMAGES

Describe the **damage to your property** (if any) and the specific facts supporting the amount claimed. *(Please attach all receipts and other documentation related to the damage amount claimed.)*

_____

_____

_____

_____

_____

_____

Describe **your personal injuries** (if any) and the specific facts supporting the amount claimed. *(Please attach all receipts, medical bills and other documentation related to the injury amount claimed.)*

Allergic Conjunctivitis On Eyes. Chronic
allergic Conjunctivis OU, Bepreve (HIO
BID OU  UF/C On NI                                  (IS)
and Pain and Suffering.

_____

Describe **your other damages** (if any) and the specific facts supporting the amount claimed. *(Please attach all receipts and other documentation related to the damage amount claimed.)*

Pain and Suffering
medical bills and expenses present
and future.

_____

Rev 3/17/2021



By signing your name below, you certify that the information provided is true and correct to the best of your knowledge and belief.

The city's acceptance and subsequent processing of your claim is not a waiver of the city's right to object to the sufficiency of the claim and should not be considered as an acknowledgment by the City that the claim is valid.  To the extent city records need to be preserved, you are directed to A.R.S. 39-121 et seq.

Claimant Name: _____ Barbara Stuart Robinson _____

*(Signature of Claimant)*

Form Completed By: _____ Barbara Stuart Robinson _____

*(Print Name of Person Completing Claim Form for Claimant)*

Phone Number: _____ 323-356-9743 _____

*(Phone # of Person Completing Claim Form for Claimant)*

Address: _____ 232 S. 12th Ave Phoenix, AZ 85007 _____

*(Address of Person Completing Claim Form For Claimant)*

Relationship to Claimant: _____ Slf _____

Date: _____ 12/8/2021 _____

**PLEASE KEEP A COPY OF THE COMPLETED FORM FOR YOUR RECORDS**

**<u>INSTRUCTIONS FOR FILING YOUR CLAIM</u>**

**Arizona Revised Statute §12-821.01 requires that this form *must* be filed with the City Clerk Department.**

**You can do so using one of the following three methods:**

1. **By physically delivering a copy of the claim form to:**

   **City of Phoenix**
   **City Clerk Department**
   **200 W. Washington Street, 15th Floor**
   **Phoenix, AZ 85003**

2. **By emailing a copy of the claim form to:** mailbox.city.clerk.department@phoenix.gov

3. **By mailing a copy of the claim form to:**

   **City of Phoenix**
   **City Clerk Department**
   **200 W. Washington Street, 15th Floor**
   **Phoenix, AZ 85003**

*Rev 3/17/2021*

(16)

STUART ROBINSON, BARBARA - 406560          Female (50 Yr.) 08-03-1971          Date of Service: 12-08-2021



**ASSOCIATED OPHTHALMOLOGISTS, LTD**
Address: 7245 E. Osborn Road Ste 4,
Scottsdale, AZ 85251
Phone: 480-994-5012  Fax: 480-994-9479

| VISIT NOTES | DOS: 12-08-2021 | PRINTED BY: LT on 12-08-2021 13:57:28 |

## STUART ROBINSON, BARBARA -406560

| | | SCOTTSDALE OFFICE | |
|---|---|---|---|
| | | Address | |
| Language | : | | |
| Address | : | Phone No. | |
| | | Fax | |

### CHIEF COMPLAINT
A 50 Yr. old female patient
1. The patient experiences severe FB sensation, which began 1 day ago. Both eyes are affected. The patient describes scratchy symptoms affecting their eyes/vision, mostly in the right eye. The complaint is associated with blurry vision, irritation and redness. Patient states it happened yesterday with a blower. Patient states eyes feel irritated like it still has dust.

### HISTORY
No significant past ocular history

### NEURO/PSYCH: AAOX3

### PROBLEM LIST

| Patient Problem - Dx Code | Date | Status | SNOMED CT |
|---|---|---|---|
| Allergic Conjunctivits, Chronic (H10.45) | 12-08-2021 | Active | |

### ALLERGIES:
NKDA

### MEDICATION LIST

| Name | Eye | Dosage | Sig | Qty | Compliant | Date Started | Status | RxNorm |
|---|---|---|---|---|---|---|---|---|
| **Systemic** | | | | | | | | |
| *HBP meds* | | | | | | | *Active* | |

### OCULAR
**Eye History :-**
**Patient Wears:**
**Blood Relative :-**

### GENERAL HEALTH

| **Patient:-** | **Blood relative :-** |
|---|---|
| No known medical conditions | No known medical conditions |
| **Review of Systems** | |
| **Allergic/Immunologic** | **Cardiovascular** |
| Negative | Negative |



STUART ROBINSON, BARBARA - 406560          Female  (50 Yr.) 08-03-1971          Date of Service:  12-08-2021

| | |
|---|---|
| **Constitutional** | **Ear, Nose, Mouth & Throat** |
| Negative | Negative |
| **Endocrine** | **Eyes** |
| Negative | Negative |
| **Gastrointestinal** | **Genitourinary** |
| Negative | Negative |
| **Hemotologic/Lymphatic** | **Integumentary** |
| Negative | Negative |
| **Musculoskeletal** | **Neurological** |
| Negative | Negative |
| **Psychiatry** | **Respiratory** |
| Negative | Negative |

**SOCIAL HISTORY**

**Smoke:** Never smoked
**SNOMED Code:**  266919005

**Alcohol**
Never

**Miscellaneous**

History of Hepatitis (check = yes):                          Which type of Hepatitis (A, B or C)?:

**Specialty Questions - General Health**

Have you been diagnosed with Hepatitis?:  **NO**            Have you been diagnosed with AIDS?:  **NO**

Have you ever been diagnose with tuberculosis?:  **NO**

---

**VITAL SIGN**

| Date | B/P - S | B/P - D | PULSE | RESP | O2SAT | TEMP | HEIGHT | WEIGHT | BMI | Pain |
|---|---|---|---|---|---|---|---|---|---|---|
| 12-08-21 | No Data | No Data | No Data | No Data | No Data | No Data | 62 inch | 180 lbs | 32.9 kg/sqr. m | |

---

**Vision**

**Distance**

**OD** SC 20/25-2

**OS** SC 20/20

---

**CVF (Confrontation Field)**

|           OD |           OS |
|---|---|
| Full | Full |

---

**PUPIL**

| OD | OS |
|---|---|
| Pupils equally round and reactive to light, no APD present. | Pupils equally round and reactive to light, no APD present. |

EOM

**EOM**

Full Ductions and Versions.

---

**EXTERNAL**

| OD | OS |
|---|---|
| Normal facies with good symmetry. | Normal facies with good symmetry. |

---

**L & A**



STUART ROBINSON, BARBARA - 406560          Female  (50 Yr.) 08-03-1971          Date of Service: 12-08-2021

| | **OD** | **OS** |
|---|---|---|
| **Lids** | Clear without lesions. | Clear without lesions. |
| **Lesion** | Absent | Absent |
| **Lid Position** | The lids are in good position. | The lids are in good position. |
| **Lacrimal System** | The lashes are clean. There is no lid swelling or other abnormalities.. | The lashes are clean. There is no lid swelling or other abnormalities.. |

## IOP/GONIO

| | **OD** | **OS** | **Time** |
|---|---|---|---|
| **IOP** | Applanation: 16 1:49PM | Applanation: 16 1:49PM | Applanation: 1:49PM |

| **Anesthetic** | Altafluor/Fluorocaine  OU  1:37PM |
|---|---|
| **Dilation** | Rev-Eyes: No |

## SLIT LAMP EXAM

| | **OD** | **OS** |
|---|---|---|
| **Conjunctiva** | RLL RUL 2+ Papillae; Allergic Conjunctivitis | LLL LUL 2+ Papillae; Allergic Conjunctivitis |
| **Cornea** | Clear | Clear |
| **Chamber** | Deep and quiet.. | Deep and quiet.. |
| **Iris & Pupil** | Round and responsive without atrophy. | Round and responsive without atrophy. |
| **Lens** | Clear | Clear |

## ASSESSMENT & PLAN

| | **Assessment** | **Eye** | **Plan** |
|---|---|---|---|
| 1 | Allergic Conjunctivits, Chronic (H10.45) | | Pt got debris from landscaper blower in eyes. She has a mild case of allergic conjunctivitis OU. Bepreve BID OU. F/U if NI |

## SIGNATURE

Signature:

**Signer:** Quarnberg, Cody D OD (Physician)
**Signed on:** 12-08-2021 13:55:36

## CARE TEAM MEMBERS

**Primary Provider**
Dr. Quarnberg, Cody D
Scottsdale Office, 7245 E Osborn Rd, Suite 4
Scottsdale, AZ 85251
480-994-5012

**Referring Physician**
No Referring Physician

**Primary Care Physician**

## PROVIDERS NAME AND OFFICE CONTACT INFORMATION

Scottsdale Office
7245 E Osborn Rd, Suite 4
Scottsdale, AZ 85251
480-994-5012

## ADDITIONAL CARE GIVER

**STUART ROBINSON, BARBARA - 406560**   Female  (50 Yr.) 08-03-1971   Date of Service: 12-08-2021

SA
Scottsdale Office
7245 E Osborn Rd, Suite 4
Scottsdale, AZ 85251
480-994-5012

---

**LOGGED USER**
LT
Scottsdale Office, 7245 E Osborn Rd, Suite 4
Scottsdale, AZ
480-994-5012

---

**SUPERBILL**

| CPT | Unit | Dx1 | Dx2 | Dx3 | Dx4 | Dx5 | Dx6 | Dx7 | Dx8 | Mod1 | Mod2 | Mod3 | Mod4 |
|-----|------|-------|-----|-----|-----|-----|-----|-----|-----|------|------|------|------|
| 92002 | 1 | H10.45 | | | | | | | | | | | |

**DATE AND LOCATION OF VISIT**
**Date of Service:** 12-08-2021
Scottsdale Office
7245 E Osborn Rd, Suite 4
Scottsdale, AZ 85251
Ph: 480-994-5012



Dec 7, 2021 9:54:08 AM
1221 North Central Avenue
Phoenix
Maricopa County
Arizona





Dec 7, 2021 9:58:49 AM
1221 North Central Avenue
Phoenix
Maricopa County
Arizona



Dec 7, 2021 9:53:38 AM
1221 North Central Avenue
Phoenix
Maricopa County
Arizona